We'll move to the sixth case this morning, U.S. v. Allen. Mr. Hills. May it please the Court. Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, and I represent Raequon Allen. He raises four issues on the appeal. The Dean issue has been conceded by the government, so unless this Court has questions about that, I'll move to the remaining three issues. Those issues begin with the Hobbs Act robbery, and we'll be short on this as well because we are contesting whether or not it's a crime of violence. There's been a spate of decisions by this Court on robbery and on Hobbs Act robbery in particular. We're merely preserving the issue for appeal. As for the next issue, we are contending that the district court erred when it imposed three years of supervised release. For a period of supervised release to be valid, a judge must justify what the reasons are, and they must be adequate reasons. Here, the judge said the supervised release was necessary, but he didn't explain the 3553A or 3583D factors that supported a three-year decision versus a one-year decision. And this squarely puts in play the parsimony provision, because if the judge is concerned about the participation in rehabilitative programs and protecting the public, one year could do the trick. The programs that are available during the three-year period are also available during the one-year period. The supervision is also available during the one-year period. Courts are encouraged to terminate somebody's supervised release early in the event that they perform well and do a complete year of supervision to cut them off of paper. So one year should have been the starting point and would be the minimum that would support the judge's justification. Well, this will all be revisited on the stipulated remand, apparently, so we don't have to address it proactively? Yeah, that is a possibility, Your Honor. However, if we take a minute to think about what the prospects are for another appeal, we may wish to say something on that to head that off at the pass, because we have supervised release conditions that would be subject to the same sort of concern. And if we go back and impose the same ones, we may be up here on a subsequent appeal. But the district courts are now really quite well aware of their obligations under the new regime that we have imposed and have doubled down on efforts to make sure that they really have everything in the record that needs to be in the record. I don't know what more can be spelled out, yet mistakes are still made. We have conditions that creep in through probation officers and lack of objections from defense attorneys, positions taken by the government. So if this court thinks that enough has been said, that's fine, but if additional girding is necessary, this is just another occasion. We do believe that the team. You've given us so many occasions, Mr. Gillespie. The court writes so well, I hate to deprive you of another opportunity, Your Honor. We'd be glad to give you that opportunity. This is case law largely of your making, so put that star on your wall. I will go into my individual concerns about the conditions of supervised release. If Your Honor wishes to hear about any of those, but I think they're addressed well enough in the brief. If you don't have questions, I'll yield the balance of my time. Thank you. Thank you. It would appear that for the first time in my 23 years as an assistant U.S. attorney, I'd like to just rest on my brief, unless the court has any questions. What about a possible remand? Your Honor, we did agree that under Dean that a remand is appropriate. While Mr. Hillis didn't raise it in his opening brief, it's going to come up anyways, and we think that's appropriate. We also understand that in this case the court could, in fact, impose a five-year term of supervised release. If the court were to determine that the term of imprisonment should be lower, he could balance that out. I would note, though, that there are at least a couple of those conditions that Mr. Hillis raises that just strikes me as, I don't know how much more you define the word visit. It seems like a pretty obvious word. So if that's a term that's going to bother Mr. Allen or Mr. Hillis when we go back, I'm not sure what else the court's going to do. Visit seems pretty obvious. So you're agreeing to go back? We are agreeing to go back. All right. Thank you. Thank you. Thanks to both counsel. Case is taken under advisement.